UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GENERAL CONSTRUCTION COMPANY, a Delaware corporation,

    Plaintiff,

  and

CON-FORCE STRUCTURES, LTD., a foreign corporation,

    Plaintiff-Intervenor,

  v.

ZURICH AMERICAN INSURANCE COMPANY, a foreign corporation,

    Defendant.
_____

CON-FORCE STRUCTURES LTD., a Canadian corporation,

    Plaintiff,

  v.

GENERAL CONSTRUCTION COMPANY, a Delaware corporation; FIREMAN'S FUND INSURANCE COMPANY, a foreign insurer; and 3A INDUSTRIES, INC., a Washington corporation,

    Defendants.

Case No. C03-5047FDB

ORDER DENYING MOTION OF BERGER/ABAM FOR SUMMARY JUDGMENT

ORDER - 1

```
_____
GENERAL CONSTRUCTION COMPANY,
            a Delaware corporation,

                Third-Party Plaintiff,

      v.

BERGER/ABAM ENGINEERS, INC.
            a Washington corporation.

                Third-Party Defendant.
_____
```

  This cause of action arises from the building of an aircraft carrier pier for the Navy at Bremerton, Washington. General was the "design-builder for the Navy's aircraft carrier pier, and Berger/ABAM was the designer. General and Berger/ABAM had entered into a Standard Form of Agreement Between Design-Builder and Designer on December 12, 2000 (Design Contract).

  Third-Party Defendant Berger/ABAM Engineers, Inc. Moves for summary judgment dismissing all claims against it by Third-Party Plaintiff General Construction Company. Berger/ABAM argues that General's breach of contract claims sound in tort, not contract, and General cannot establish the standard of care to which Berger/ABAM is to be held. Additionally, Berger/ABAM argues that the piles were not fabricated in accordance with Berger/ABAM's design, and Berger/ABAM cannot be held liable for negligent design when the work at issue is constructed inconsistent with its design documents.

  General argues contrary to Berger/ABAM's assertions that this is a contract action and is not a tort action based on negligence. By contract, Berger/ABAM had all civil and structural design for the project, and General contends that Berger/ABAM failed to perform its design obligations for the piles as required by the parties' contract, and that those failures constituted a breach entitling General to contract damages.

ORDER - 2

**APPLICABLE LAW**

*Summary Judgment Standard*

Summary judgment is proper if the moving party establishes that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). Inferences drawn from the facts are viewed in favor of the non-moving party. *T.W. Elec. Service v. Pacific Elec. Contractors,* 809 F.2d 626, 630-31 (9th Cir. 1987).

Summary judgment is proper if a defendant shows that there is no evidence supporting an element essential to a plaintiff's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Failure of proof as to any essential element of plaintiff's claims means that no genuine issue of material fact can exist and summary judgment is mandated. *Celotex*, 477 U.S. 317, 322-23 (1986). The nonmoving party "must do more than show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

A conflict in expert witness's opinions and credibility cannot be resolved on summary judgment. *See Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990); *IXYS Corp. v. Advanced Power Technology, Inc.,* 321 F. Supp.2d 1133, 1148 (N.D. Cal. 2004)*(*"The parties' experts have presented ineluctably conflicting opinions, and this court may not – upon a motion for summary judgment – make the type of credibility determinations necessary to resolve such conflicts," (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

*Substantive Law*

General seeks recovery of damages for breach of contract pursuant to the parties' written agreement, and the question is whether Berger/ABAM delivered the services for which it was paid. In *Berschauer/Phillips Constr. Co. v. Seattle School Dist. No. 1*, 124 Wn. 2d 816, 821, 881 P.2d

ORDER - 3

1  986 (1994), the Court held that the economic loss rule precludes application of tort law when a party

2  seeks to recover for breach of contract damages. The Court reasoned:

3  
> If tort and contract remedies were allowed to overlap, certainty and predictability in
> allocating risk would decrease and impede future business activity. The construction
4  industry in particular would suffer, for it si in this industry that we see most clearly the
> importance of the precise allocation of risk as secured by contract.

5  *Id.* 826-27. In *Newton Ins. Agency & Brok., Inc. v. Caledonian Ins. Group., Inc.*, 114 Wn. App.

6  151, 162, 52 P.3d 30 (2002), the Court held that "when parties enter into a contract, tort remedies

7  are unavailable." As the court in *Carlson v. Sharp,* 99 Wn. App. 324, 330, 994 P.2d 851 (1999)

8  earlier explained:

9  
> Strata entered a contract with Mr. Sharp and provided a report to him. Even if that
10 report was negligently written or the analysis negligently performed, the allocation of
> risk lies in the contract between those two parties. The court's conclusion that these
11 claims are recoverable under tort is reversed.

12 Thus, in this case, since there is a written agreement between the parties, and since General is

13 pursuing its remedy pursuant to that contract, application of tort principles is precluded by the

14 economic loss rule.

15 **DISCUSSION**

16     Article I, Section 1.1.1, of the contract between General and Berger/ABAM, states that

17 Berger/ABAM agreed to provide "such architectural, engineering, and other services required by this

18 Agreement and the other Contract Documents." Certain Navy documents established guidelines and

19 requirements for the piles, and Berger/ABAM assumed the same obligations to General as General

20 had to the Navy with regard to the design for the project.

21     Article II of the contract, Section 2.1.1, states that Berger/ABAM agreed to provide all

22 "architectural, engineering and other design professional services, required by the Contract

23 Documents."

24     The Contract also provides as follows:

25

26 ORDER - 4

> The standard of care for all design professional services by Designer and its Design Consultants pursuant to this Agreement shall be the care and skill ordinarily used by members of the design profession practicing under similar circumstances at the same time and locality of the Project.

(Harn Decl., ex. G – Berger/ABAM /General design build contract, ¶ 2.2.1.)

The Court concludes that Berger/ABAM was responsible for all design obligations under the contract, including all design elements for the piles. The parties' contract also incorporates an express provision obligating Berger/ABAM to adhere to the standard of care.

The standard of care under the contract is that which exists at common law. As to the design of large diameter hollow core piles, there is no local standard for this area. Louis Klusmeyer, Project Engineer, Lead Designer, and Quality Control Representative for Berger/ABAM, stated that he was not aware of any information about local northwest design practices concerning the use of large diameter (36") hollow-core cylinder piles. (Klusmeyer Dep. P. 194, Ex. D to Krider Dec.) The standards and codes of which he was aware were national standards. (*Id.* pp. 194 – 95.) Mr. Klusmeyer stated that Ben Gerwick, of the Bay Area on the West Coast, was likely the most knowledgeable about large diameter hollow-core cylinder piles, as he had done the most projects with them. (*Id.* p. 194.)

The determination of whether Berger/ABAM breached that portion of the contract dealing with the standard of care is one to be resolved by expert testimony. There is disagreement on whether the standard of care was breached with respect to the design of the 36" hollow-core cylindrical piles. General's expert, Dr. Yao, has opined that the piles, as designed by Berger/ABAM, contained insufficient spiral to restrain the concrete in the event they cracked during driving. Moreover, there are issues over the import of the initial testing that was done on the piles. There are genuine issues of material fact, and Berger/ABAM is not entitled to summary judgment.

ACCORDINGLY,

ORDER - 5

IT IS ORDERED: Berger/ABAM's Motion for Summary Judgment [Dkt. # 121] is DENIED.

DATED this 25th day of April, 2005.

_____
FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 6